MARY ANN L. WYMORE (CA Bar # 126516)
mlw@greensfelder.com
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone: (314) 241-9090
Facsimile:  (314) 345-5488

Elijah B. Van Camp (CA Bar # 252289)
evc@dewittross.com
DEWITT ROSS & STEVENS S.C.
2 East Mifflin Street, Suite 600
Madison, WI  53703
Telephone: (608) 255-8891
Facsimile: (608) 252-9243

Attorneys for Defendant
3M COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELY INVENTIONS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, a Delaware Corporation,<br><br>Defendant. | Case NO.: 2:17-cv-08853<br><br>**DEFENDANT 3M COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This is an action for patent infringement in violation of the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Admitted.

2. This Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the State of California. Defendant, directly or through subsidiaries or intermediaries, including distributors, retailers, and others, ships, distributes, offers for sale and sells its products in the United States, the State of California, and the Central District of California. Defendant, directly and through subsidiaries or intermediaries, including distributors, retailers and others, has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce in the Central District of California. On information and belief, these infringing products have been and continued to be purchased and used by businesses, including Costco, in the Central District of California. Defendant has committed acts of patent infringement within the State of California and, more particularly, within the Central District of California.

**ANSWER:** Defendant admits it conducts business in California and that this Court has personal jurisdiction over Defendant. Defendant denies the remaining allegations of this paragraph.

3. Venue is proper under 28 U.S.C. § 1391(b).

**ANSWER:** Admitted.

## THE PARTIES

4. Plaintiff is a limited liability company organized and the laws of the State of Delaware having a principal place of business in Dover, Delaware.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of this allegation and therefore denies same.

5. On information and belief, Defendant is a Delaware corporation having a principal place of business in St. Paul, Minnesota.

**ANSWER:** Admitted.

## FACTUAL BACKGROUND AND NATURE OF ACTION

6. United States Patent No. 7,861,865 ("the '865 Patent") is titled "PACKAGING ASSEMBLY," and was issued by the United States Patent and Trademark Office on January 4, 2011. A true and correct copy of the '865 Patent is attached as Exhibit A.

**ANSWER:** Admitted.

7. Timely owns by assignment the entire right, title, and interest in and to the '865 Patent. As the owner of the entire right, title, and interest in and to the '865 Patent, Timely possesses the right to sue and to recover for infringement of the '865 Patent.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief about the truth of this allegation and therefore denies same.

8. Defendant has infringed and continues to infringe one or more claims of the '865 Patent by engaging in acts that constitute infringement under 35 U.S.C. § 271 *et seq.*

**ANSWER:** Denied.

9. Defendant has infringed and continues to infringe the '865 Patent by manufacturing, making, using, offering for sale, and/or selling within the United States certain products which embody, or in combination embody, one or more claims of the '865 Patent.

**ANSWER:** Denied.

10. On information and belief, Defendant's COMMAND packaging assembly which Defendant sells through Costco, and all reasonably similar products, meet all of the limitations of at least claim I of the '865 Patent (the

1  "Accused Products"). As such, Defendant is infringing the '865 Patent in
2  violation of 35 U.S.C. § 271.

3  **ANSWER:** Denied.

4  11. A representative and preliminary infringement claim chart for claim
5  1 of the '865 Patent and the Accused Products is attached as Exhibit B and is
6  incorporated by reference to this Complaint.

7  **ANSWER:** Defendant admits Exhibit B is a chart titled "Preliminary
8  Infringement Claim Chart for Claim 1 of the '865 Patent."
9  Defendant denies that it has infringed any valid claim of the '865
10 Patent.

## 1. CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 7,861,865)

13 12. Plaintiff incorporates by reference the foregoing paragraphs of this
14 Complaint as if fully set forth herein.

15 **ANSWER:** Defendant incorporates by reference its Answers to the foregoing
16 paragraphs of the Complaint as if fully set forth herein.

17 13. On information and belief, Defendant, alone or by directing and
18 controlling others, has manufactured, used, imported, offered for sale, and/or
19 sold and continues to sell in this district and elsewhere in the United States, the
20 Accused Products which infringe at least claim 1 of the '865 Patent, as identified
21 in Exhibit C in violation of 35 U.S.C. § 271.

22 **ANSWER:** Defendant admits it has used the COMMAND packaging
23 assembly in this district and elsewhere. Defendant denies this
24 assembly infringes any valid claim of the '865 Patent.

25 14. On information and belief, the acts of infringement of Defendant
26 will continue unless enjoined by this Court.

27 **ANSWER:** Denied.

28

15. Timely is being damaged by Defendant's infringement of the '865 Patent and is being and will continue to be irreparably damaged unless Defendant's infringement is enjoined by this Court.

**ANSWER:** Denied.

16. On information and belief, Defendant's infringement of the '865 Patent is and has been willful. This is an exceptional case warranting an award of treble damages under 35 U.S.C. § 284 and an award of its reasonable attorneys' fees and costs for the maintenance of this action under 35 U.S.C. § 285.

**ANSWER:** Denied.

17. As a result of Defendant's past and on-going infringement of the '865 Patent, Timely has suffered, and continues to suffers, monetary damages.

**ANSWER:** Denied.

## GENERAL DENIAL

Except as expressly admitted or averred herein, 3M Company denies each and every allegation in Timely Inventions' Complaint.

## AFFIRMATIVE DEFENSES

3M Company, for itself and itself alone, asserts the following affirmative and other defenses without assuming any burden of proof that it would not otherwise have. 3M Company has not yet had sufficient time and opportunity to collect and review all of the information that may be relevant to the matters raised herein and no discovery has taken place. Accordingly, 3M Company reserves the right to modify and/or expand these defenses and to take further positions and raise additional defenses as discovery proceeds in this case.

1. Timely Inventions, LLC has failed to state a claim upon which relief can be granted.

2. 3M Company does not infringe and has not infringed any valid and enforceable claim of the '865 Patent literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

3. The asserted claims of the '865 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 132, and the rules and regulations pertaining thereto.

4. Timely Inventions' claims are barred, in whole or in part, based on prosecution history estoppel and/or prosecution history disclaimer.

5. Timely Inventions' claims are barred, in whole or in part, under principles of equity, including, but not limited to, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

6. Timely Inventions' claims are barred, in whole or in part, based on the doctrine of patent exhaustion.

7. Timely Inventions' claims are barred, in whole or in part, and/or Timely Inventions is not entitled to any relief, based on the doctrine of patent misuse.

8. Timely Inventions is not entitled to injunctive relief because Timely Inventions has an adequate remedy at law.

9. Timely Inventions cannot prove that this is an exceptional case justifying an award of attorney fees against 3M Company pursuant to 35 U.S.C. § 285.

10. To the extent Timely Inventions has any damages, any claim by Timely Inventions is limited under 35 U.S.C. §§ 286, 287, and 288. Timely Inventions is barred under 35 U.S.C. § 286 from recovering damages for any allegedly infringing actions occurring more than six years prior to the date of the filing of the Complaint. Timely Inventions is barred under 35 U.S.C. § 287 from recovering damages for any allegedly infringing actions performed before receipt of actual notice by 3M Company of allegations that 3M Company is infringing the '865 Patent.

11. Timely Inventions' purported claims are barred, in whole or in part, because of its failure to mitigate damages, to the extent it can prove any against 3M Company.

**WHEREFORE**, having fully answered Timely Inventions, LLC's Complaint

and stated its affirmative defenses, 3M Company prays:

    a.   That Timely Inventions, LLC takes nothing by its Complaint and that this Court enter a judgment in favor of 3M Company and against Timely Inventions, LLC on all claims for relief contained in the Complaint;

    b.   That the Court enter judgment that the Complaint herein be dismissed in its entirety with prejudice and without costs to 3M Company;

    c.   That the Court enter an order declaring that 3M Company has not infringed any claims of U.S. Patent No. '865; and

    d.   That the Court enter an order declaring that the asserted claims of U.S. Patent No. 7,861,865 are invalid for failing the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and 132;

    e.   That the Court enter an order finding the defense of this case exceptional and awarding to 3M Company its costs of suit and reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

    f.   That the Court award 3M Company any other relief the Court deems just and proper.

## COUNTERCLAIMS

Defendant/Counterclaimant 3M Company hereby asserts the following counterclaims against Plaintiff/Counter-Defendant Timely Inventions, LLC, Inc. ("Timely Inventions"), without assuming any burden of proof that it would not otherwise have. 3M Company reserves the right to modify and/or expand these Counterclaims and to take further positions and raise additional Counterclaims as discovery proceeds in this case.

## NATURE OF THE ACTION

1.   This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1 *et seq*. 3M Company requests declarations that: (i) it does not infringe and does not and has not

induced or contributed to the infringement of any valid, enforceable claim of U.S. Patent No. 7,861,865; and (ii) that the claims of U.S. Patent No. 7,861,865 are invalid.

## THE PARTIES, JURISDICTION, AND VENUE

2. 3M Company is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business located in St. Paul, Minnesota.

3. According to Timely Inventions' Complaint, Timely Inventions is a limited liability company organized and existing under the laws of Delaware with a principal place of business in located in Dover, Delaware.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Timely Inventions pursuant to the laws of the State of California and the United States Constitution, including the Due Process Clause of the Fifth Amendment. On information and belief, Timely Inventions has had substantial contacts with the State of California relating to U.S. Patent No. 7,861,865 ("the '865 Patent") sufficient to confer specific jurisdiction. Further, by filing its Complaint, Timely Inventions has consented to the personal jurisdiction of this Court.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400.

7. In its Complaint, Timely Inventions purports to be the owner by assignment of the '865 Patent.

8. In its Complaint, Timely Inventions asserts that 3M Company has actively infringed one or more claims of the '865 Patent.

9. 3M Company does not infringe, has not infringed, and does not induce or contribute to the infringement of any valid, enforceable claim of the '865 Patent.

10. Upon information and belief, all claims of the '865 Patent are invalid for

failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 132, and the rules and regulations pertaining thereto.

11. The allegations in the Complaint have created an actual and justiciable controversy between Timely Inventions and 3M Company concerning infringement (and/or contribution to or inducement to infringement), invalidity, and enforcement of the '865 Patent.

**FACTUAL BACKGROUND**

12. The packaging assembly claimed in the '865 Patent was publically used, offered for sale and sold in the United States prior to the filing date of the application that matured into the '865 Patent, and publicly used, offered for sale and sold in the United States more than one year prior to the filing date of the application that matured into the '865 Patent.

13. In 2004, One Source Industries, LLC of 15215 Alton Parkway, Suite 100, Irvine, California 92618 designed and sold a packaging assembly (hereafter "One Source Industries assembly") to Kenneth Cole Productions, Inc. that meets all of the limitations of the claims of the '865 Patent.

14. On August 31, 2011, Anita M. Alvarez was the National Sales Account Manager for One Source Industries, LLC and executed a sworn Affidavit attesting to the design and sale of the One Source Industries assembly to Kenneth Cole Productions, Inc. in 2004. The Affidavit of Anita M. Alvarez was submitted to the United States Patent & Trademark Office in Reexamination No. 90/011,895. A true and correct copy of the Affidavit of Anita M. Alvarez is attached as Exhibit A hereto.

15. The Affidavit of Anita M. Alvarez includes a drawing dated August 18, 2004, attached as Exhibit A thereto, which shows a pallet assembly which meets the limitations of the claims of the '865 Patent.

16. The Affidavit of Anita M. Alvarez includes a photograph of a pallet assembly constructed in accordance to the specifications of the drawing in Exhibit A

1 to the Affidavit in Exhibit B of the Affidavit.

2      17. The Affidavit of Anita M. Alvarez includes an order for 2,310 pallets at a
3 total cost of $143,127.60 in Exhibit C thereto.

4      18. The Affidavit of Anita M. Alvarez states that One Source Industries, LLC shipped a total of 2,310 pallets of the design depicted in Exhibits A and B to the Affidavit to Sam's Club Distribution Centers across the United States beginning on October 22, 2004 through November 12, 2004.

     19. The Request for Reexamination 90/011,895 was served on counsel for Timely Inventions on September 9, 2011, and placed Timely Inventions on notice of a public use, offer for sale and sale of a packaging assembly as shown in Exhibits A and B to the Affidavit of Anita M. Alvarez in 2004, more than one year before the application for the '865 Patent was filed. A true and correct copy of the Reexamination Certificate of Service is attached as Exhibit B hereto.

     20. The U.S. Patent and Trademark Office denied the Request for Reexamination 90/011,895 because Reexaminations are limited to "printed publications" and did not consider the drawing attached to the Affidavit of Anita M. Alvarez to be a publication. A Federal District Court is not limited to considering only "printed publications" and can invalidate a patent under any invalidating prior art, including an actual public use in the United States more than one year before the filing date of a patent application, in accordance with 35 U.S.C. §§ 102 and 103.

     21. Prior to the filing date of the application that matured into the '865 Patent, Allpak Container Inc. of 1100 South West 27th Street, Renton, Washington 98055 developed a packaging assembly that meets all of the limitations of the claims of the '865 Patent.

     22. At least as early as November 19, 2007, Allpak Container Inc. began development of a packaging assembly for its customer Philips for shipment of products to Costco. True and correct copies of Allpak drawings of packaging assembly components and an in store guide showing use of the assembly are attached

as Exhibit C hereto.

## COUNTERCLAIM I: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,861,865

23. 3M Company alleges and incorporates the averments of Paragraphs 1 through 11, inclusive, of its Counterclaims as if set forth herein in full.

24. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.* concerning 3M Company's non-infringement of and/or non-inducement or non-contribution to the infringement of the claims of the '865 Patent.

25. 3M Company has not infringed, does not infringe, and does not and has not induced or contributed to the infringement of any valid, enforceable claim of the '865 Patent.

26. 3M Company is entitled to a judicial declaration that it has not infringed, does not infringe, and does and has not induced or contributed to the infringement of any valid, enforceable claim of the '865 Patent.

## COUNTERCLAIM II: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,861,865

27. 3M Company alleges and incorporates the averments of Paragraphs 1 through 26 inclusive, of its Counterclaims as if set forth herein in full.

28. There is an actual and justiciable controversy between the parties concerning the invalidity of the '865 Patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 132 and the rules and regulations pertaining thereto.

29. The claims of the '865 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and 132 and the rules and regulations pertaining thereto.

30. 3M Company is entitled to a judicial declaration and order that all of the asserted claims of the '865 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, 3M Company requests judgment in its favor and against Timely Inventions, LLC as follows:

    a) Timely Inventions, LLC recover nothing and its Complaint be dismissed with prejudice;

    b) The Court deny any injunctive relief in favor of Timely Inventions, LLC and against 3M Company;

    c) The Court declare that 3M Company has not infringed, does not infringe, and does not and has not induced or contributed to the infringement of any claim of U.S. Patent No. 7,861,865;

    d) The Court declare and order that U.S. Patent No. 7,861,865 is invalid;

    e) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award 3M Company its reasonable attorneys' fees in this action;

    f) All costs be taxed against Timely Inventions; and

    g) 3M Company be granted such other and further relief as the Court deems just and proper.

Dated: February 23, 2018        Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By:    /s/ Mary Ann L. Wymore
        Mary Ann L. Wymore (CA Bar # 126516)

DEWITT ROSS & STEVENS S.C.

By:    /s/ Elijah B. Van Camp
        Elijah B. Van Camp (CA Bar # 252289)

*Attorneys for Defendant 3M Company*

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant 3M Company demands a trial by jury of all issues so triable.

Dated:  February 23, 2018

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/ Mary Ann L. Wymore
Mary Ann L. Wymore (CA Bar # 126516)
mlw@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 241-9090
Facsimile: (314) 345-5488

DEWITT ROSS & STEVENS S.C.

By:   /s/ Elijah B. Van Camp
Elijah B. Van Camp (CA Bar # 252289)
evc@dewittross.com
2 East Mifflin Street, Suite 600
Madison, WI  53703
Telephone: (608) 255-8891
Facsimile: (608) 252-9243

*Attorneys for Defendant 3M Company*