**ART HASAN, CA Bar No. 167323**
ahasan@lrrc.com
**ANNE WANG, CA Bar No. 151000**
awang@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

**D. STUART BARTOW, CA Bar No. 233107**
sbartow@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
4300 Bohannon Drive, Suite 230
Menlo Park, California 94025
Telephone: (650) 687-8443
Facsimile: (650) 391-1395

Attorneys for Plaintiff,
TIMELY INVENTIONS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELY INVENTIONS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>3M COMPANY, a Delaware Corporation,<br><br>Defendant.<br><br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-08853-AB-RAO<br><br>**TIMELY INVENTIONS, LLC'S ANSWER TO DEFENDANT 3M COMPANY'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Hon. André Birotte Jr.** |

Plaintiff, TIMELY INVENTIONS, LLC ("Timely Inventions" or "Plaintiff") Answers the Counterclaims of Defendant 3M COMPANY ("3M") as follows:

## NATURE OF THE ACTION

1. Timely Inventions admits that 3M seeks declaratory relief and denies all other allegations of paragraph 1 of the Counterclaims.

## THE PARTIES, JURISDICTION, AND VENUE

2. Timely Inventions lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 of the Counterclaims.

3. Timely Inventions admits the allegations of paragraph 3 of the Counterclaims.

4. Timely Inventions admits that this Court has subject matter jurisdiction over this action as alleged in paragraph 4 of the Counterclaims.

5. Timely Inventions admits that this Court has personal jurisdiction over Timely Inventions in this matter and denies all other allegations of paragraph 5 of the Counterclaims.

6. Timely Inventions admits the allegations of paragraph 6 of the Counterclaims.

7. Timely Inventions admits the allegations of paragraph 7 of the Counterclaims.

8. Timely Inventions admits the allegations of paragraph 8 of the Counterclaims.

9. Timely Inventions denies the allegations of paragraph 9 of the Counterclaims.

10. Timely Inventions denies the allegations of paragraph 10 of the Counterclaims.

11. Timely Inventions admits that there is an actual and justiciable controversy between the parties and denies all other allegations of paragraph 11 of the Counterclaims.

## FACTUAL BACKGROUND

12. Timely Inventions denies the allegations of paragraph 12 of the Counterclaims.

13. Timely Inventions denies the allegations of paragraph 13 of the Counterclaims.

14. Timely Inventions admits that a document titled "Affidavit of Anita M. Alvarez" was submitted to the United States Patent Office in Reexamination No. 90/011,894 and was attached as "Exhibit A" to 3M's Answer and Counterclaims, but lacks knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph 14 of the Counterclaims and on that basis denies them.

15. Timely Inventions admits that the "Affidavit of Anita M. Alvarez" includes a document attached as "Exhibit A" thereto, but lacks knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph 15 of the Counterclaims, and on that basis denies them.

16. Timely Inventions admits that the "Affidavit of Anita M. Alvarez" includes a document attached as "Exhibit B" thereto, but lacks knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph 16 of the Counterclaims, and on that basis denies them.

17. Timely Inventions admits that the "Affidavit of Anita M. Alvarez" includes a document attached as "Exhibit C" thereto, but lacks knowledge or information sufficient to form a belief about the truth of all other allegations of paragraph 17 of the Counterclaims, and on that basis denies them.

18. Timely Inventions denies that the "Affidavit of Anita M. Alvarez" states "that One Source Industries, LLC shipped a total of 2,310 pallets of the design in Exhibits A and B to the Affidavit to Sam's Club Distribution Centers across the United States beginning on October 22, 2004 through November 12, 2004," and denies all other allegations of paragraph 18 of the Counterclaims.

19. Timely Inventions admits that a document purporting to be a copy of the "Reexamination Certificate of Service" was attached as "Exhibit B" to 3M's Answer and Counterclaims, and denies all other allegations of paragraph 19 of the Counterclaims.

20. Timely Inventions admits that the U.S. Patent and Trademark Office denied the Request for Reexamination 90/011,895 on the basis that the "Affidavit of Anita M. Alvarez" and documents attached thereto did not meet the standard for "printed publications," and denies all other allegations of paragraph 20 of the Counterclaims.

21. Timely Inventions denies the allegations of paragraph 21 of the Counterclaims.

22. Timely Inventions admits that documents are attached as "Exhibit C" to 3M's Answer and Counterclaims, but lacks knowledge or information sufficient to form a belief about the truth of the other allegations of paragraph 22 of the Counterclaims, and on that basis denies them.

## COUNTERCLAIM 1: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,861,865

23. Timely Inventions repeats and re-alleges paragraphs 1-11 of its Answer in response to paragraph 23 of the Counterclaims.

24. Timely Inventions admits that there is an actual and justiciable controversy between the parties, and denies all other allegations of paragraph 24 of the Counterclaims.

25. Timely Inventions denies the allegations of paragraph 25 of the Counterclaims.

26. Timely Inventions denies the allegations of paragraph 26 of the Counterclaims.

# COUNTERCLAIM II: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,861,865

27. Timely Inventions repeats and re-alleges paragraphs 1-26 of its Answer in response to paragraph 27 of the Counterclaims.

28. Timely Inventions admits that there is an actual and justiciable controversy between the parties, and denies all other allegations of paragraph 28 of the Counterclaims.

29. Timely Inventions denies the allegations of paragraph 29 of the Counterclaims.

30. Timely Inventions denies the allegations of paragraph 30 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. 3M's Counterclaims and each claim for relief alleged fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. 3M's Counterclaims are barred, either in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

3. 3M's Counterclaims are barred or unenforceable under the doctrine of equitable estoppel.

### Fourth Affirmative Defense

4. 3M's Counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

5. 3M's Counterclaims are barred, in whole or in part, by the doctrine of acquiescence.

**PRAYER FOR RELIEF**

WHEREFORE, Timely Inventions prays for the following relief:

A. That 3M's Counterclaims be dismissed with prejudice;

B. That judgment be entered in favor of Timely Inventions and against 3M;

C. That injunctive relief be awarded in favor of Timely Inventions and against 3M;

D. That this be declared an exceptional case pursuant to 35 U.S.C. § 285, and that Timely Inventions be awarded all of its attorneys' fees, costs, and expenses incurred in this action; and

E. For such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff/Counter-Defendant Timely Inventions, LLC demands a jury trial on all issues for which a jury trial is permitted.

DATED: March 16, 2018

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By  /s/ D. Stuart Bartow
Art Hasan
Anne Wang
D. Stuart Bartow

Attorneys for Plaintiff,
TIMELY INVENTIONS, LLC