4300 Bohannon Drive
Suite 230
Menlo Park, CA 94025

Lewis Roca
ROTHGERBER CHRISTIE

1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | TIMELY INVENTIONS, LLC, a Delaware Limited Liability Company, | Case No. 2:17-cv-08853-AB-RAO |
|---|---|---|
| 12 | | |
| 13 | Plaintiff, | **Scheduling Conference:**<br>**DATE:    June 15, 2018**<br>**TIME:    10:00 a.m.** |
| 14 | vs. | **CTRM:   7B** |
| 15 | 3M COMPANY, a Delaware Corporation, | |
| 16 | Defendant. | **Hon. André Birotte Jr.** |

17

18    **STIPULATED PROTECTIVE ORDER**

19        This matter being before the Court and the Court being sufficiently advised

20    that Plaintiff Timely Inventions, LLC ("Timely") and Defendant 3M Company

21

22    ("3M") (collectively the "Parties" and each a "Party") in the above captioned

23    litigation ("Action") are in agreement, **IT IS HEREBY ORDERED AS**

24    **FOLLOWS:**

25        //

26        //

27        //

28        //

Lewis Roca
ROTHGERBER CHRISTIE

4300 Bohannon Drive
Suite 230
Menlo Park, CA 94025

## I.      SCOPE OF PROTECTED INFORMATION

In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, protected information such as trade secrets, non-public research and development, commercial or financial information, or other information that may cause harm to the producing party or a non-party if disclosed to others. The parties anticipate production of the following categories of protected information: trade secrets and confidential information, including but not limited to: information relating to research, development, testing of, and plans for, a party's existing and proposed future products; information relating to the processes, apparatus, or analytical techniques used by a party; engineering specifications, schematics, drawings, and documents that describe in detail the design and structure of software and hardware, software code and related files; business plans, marketing strategies, customer identities, requirements, and lists, and other business and financial information of a party; product and proposed product specifications; designs, drawings, and other visual depictions; manufacturing techniques and processes, material costs, sources of materials; information relating to patent applications which have not been made available to the public; and other information that a party has a reasonable basis to believe could be used by a competitor to harm its business.

I.      DESIGNATION OF PROTECTED INFORMATION

A.      Scope: This Order governs the production and handling of any protected information in this action. Any party or non-party who produces protected information in this action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Order. "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that

4300 Bohannon Drive
Suite 230
Menlo Park, CA 94025

Lewis Roca
ROTHGERBER CHRISTIE

**1** contain the protected information and refrain from designating entire documents.

**2** Regardless of any designations made hereunder, the Designating Party is not

**3** otherwise restricted from use or disclosure of its protected information outside of

**4** this action. In addition, any party may move to modify or seek other relief from

**5** any of the terms of this Order, at any time regardless of the status of the action, if

**6** it has first tried in writing and in good faith to resolve its needs or disputes with

**7** the other party(ies) pursuant to the terms of this Order.

**8**       B.     Application to Non-Parties: Before a non-party is given copies of

**9** designated information as permitted hereunder, it must first sign the

**10** acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

**11** if it fails to do so, the parties to this action must resolve any such dispute before

**12** making disclosure of designated information as permitted hereunder to the non-

**13** party. If a non-party wishes to make designations hereunder, it must first sign the

**14** acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

**15**       C.     Timing and Provisional Protection: Designations may be made at

**16** any time. To avoid potential waiver of protection hereunder, the Designating

**17** Party should designate information at the time of production or disclosure,

**18** including on the record during the taking of any testimony. Deposition testimony

**19** will be deemed provisionally protected for a period of 30 days after the transcript

**20** is released to the parties by the court reporter, although the parties may agree at

**21** any time to different timelines of provisional protection of information as

**22** Confidential or Attorneys' Eyes Only as part of one or more specific depositions.

**23** To retain any designations beyond the provisional period, a Designating Party

**24** must designate specific pages and lines of deposition testimony before the

**25** provisional period has expired. Such designations must be made in writing so that

**26** all counsel and court reporters may append the designation to all copies of the

**27** transcripts.

**28**       D.     Manner of Designation: Information may be designated hereunder

in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made orally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image.

   E. Designating Information "Attorneys' Eyes Only." Only information or items that if disclosed to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means may be designated Attorneys' Eyes Only. For example, this designation may be applied to information constituting trade secrets; information relating to research, development, testing of, and plans for, a party's existing and proposed future products; information relating to the processes, apparatus, or analytical techniques used by a party; engineering specifications, schematics, drawings, and documents that describe in detail the design and structure of software and hardware, software code and related files; business plans; marketing strategies and other financial information of a party; specifications of unreleased or unannounced products; information relating to patent applications which have not been made available to the public; and other information that if disclosed to a party or non-party would create a substantial risk of serious harm. The parties will make every good-faith effort not to designate information that was previously disclosed to another party as Attorneys' Eyes Only, including without limitation information constituting the alleged trade secrets and proprietary information at issue in this suit. In the event such information is inadvertently designated Attorneys' Eyes Only, the Designating Party will reduce the designation to Confidential within 5 days of receiving notice of the improper designation. In the event that a Receiving Party believes, in good faith, that information was inadvertently designated Attorneys' Eyes Only, and provides the Designating Party with notice to that effect, if within

4300 Bohannon Drive
Suite 230
Menlo Park, CA 94025

Lewis Roca
ROTHGERBER CHRISTIE

1  5 days of receiving such notice the Designating Party does not agree to reduce the

2  designation to Confidential, it must state its reason for not doing so in writing. If

3  the Receiving Party still believes that the designation is improper, it may seek

4  resolution of the dispute by the Court.

5  II.  CHALLENGES TO DESIGNATED INFORMATION

6      In the event that a Receiving Party disagrees at any time with any

7  designation(s) made by the Designating Party, the Receiving Party must first try

8  to resolve such challenge in good faith on an informal basis with the Designating

9  Party. The Receiving Party must provide written notice of the challenge and the

10 grounds therefor to the Designating Party, who must respond in writing to the

11 challenge within 15 days. At all times, the Designating Party carries the burden

12 of establishing the propriety of the designation and protection level. Unless and

13 until the challenge is resolved by the parties or ruled upon by the Court, the

14 designated information will remain protected under this Order. The failure of any

15 Receiving Party to challenge a designation does not constitute a concession that

16 the designation is proper or an admission that the designated information is

17 otherwise competent, relevant, or material.

18 III.  LIMITED ACCESS/USE OF PROTECTED INFORMATION

19     A.  Restricted Use:  Information that is produced or exchanged in the

20 course of this action and designated under this Order may be used solely for the

21 preparation, trial, and any appeal of this action, as well as related settlement

22 negotiations, and for no other purpose, without the written consent of the

23 Designating Party. No designated information may be disclosed to any person

24 except in accordance with the terms of this Order. All persons in possession of

25 designated information agree to exercise reasonable care with regard to the

26 custody, use, or storage of such information to ensure that its confidentiality is

27 maintained. This obligation includes, but is not limited to, the Receiving Party

28 providing to the Designating Party prompt notice of the receipt of any subpoena

that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential or Attorneys' Eyes Only information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

B.     Access to "Confidential" Information:   The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Court, its personnel, court reporters, and any trier of fact (including any jury);

2. Counsel for any party in this action, their office associates, legal assistants, and stenographic and clerical employees who are informed of the duties hereunder;

3. Persons shown on the face of the document to have authored or received it;

4.  The parties, including their employees who are actively engaged in assisting counsel with respect to this litigation;

5. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; and

6. Other witnesses or persons with the Designating Party's written consent or by court order.

C.     Access to "Attorneys' Eyes Only" Designations:   The parties and all persons subject to this Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

1. The Court, its personnel, court reporters, and any trier of fact (including any jury);

4300 Bohannon Drive
Suite 230
Menlo Park, CA 94025

Lewis Roca
ROTHGERBER CHRISTIE

2. Counsel for any party in this action, their office associates, legal assistants, and stenographic and clerical employees who are informed of the duties hereunder;

3. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has executed Exhibit A to this Stipulated Protective Order. Should a party desire to engage an expert or consultant who falls into this category, prior to disclosing any "ATTORNEYS' EYES ONLY" information, the party seeking to engage the expert or consultant must provide to all other parties in writing the name and current employer of the expert or consultant; a current Curriculum Vitae; and a signed copy of Exhibit A hereto. Within five (5) business days, any party that has a good faith objection to the disclosure of its "ATTORNEYS' EYES ONLY" information to the expert or consultant shall convey its objection in writing, including the basis for such objection. The parties shall confer promptly in an effort to resolve such objections. If the parties are unable to resolve their dispute, the objecting party shall within seven (7) business days file a motion for a protective order to prevent disclosure to the expert or consultant; and

4. Other witnesses or persons to whom the Designating Party agrees in writing in advance of disclosure or by court order.

D. Disclosure of Witness Acknowledgments: If the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an in camera production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

105666507_1

4300 Bohannon Drive
Suite 230
Menlo Park, CA 94025

Lewis Roca
ROTHGERBER CHRISTIE

E.     Non-Waiver Effect of Designations:  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

F.     In-Court Use of Designated Information:  If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party must give advance notice to the party or non-party that designated prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion in limine.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

IV.   CLAW-BACK REQUESTS

A.     Failure to Make Designation:  If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification).  The Receiving Party may then request substitute production of the newly-designated information.   Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested,  destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the

7

4300 Bohannon Drive
Suite 230
Menlo Park, CA 94025

Lewis Roca
ROTHGERBER CHRISTIE

terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges. The Receiving Party will make reasonable efforts to cooperate with the Designating Party to protect such information.

B.    Inadvertent Production of Privileged Information: Inadvertent disclosure of information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that the attorney-client privilege or work product protection is not waived by disclosure connected with the above-referenced matter and any such disclosure is also not waived in any other Federal or State proceeding. If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5).  Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection.   The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection..

V.    DURATION/CONTINUED RESTRICTIONS

A.    Handling of Designated Information Upon Conclusion of Action: Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored.  Within 60 days after the

later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

B. Continued Restrictions Under this Order: The restrictions on disclosure and use of confidential information survive the conclusion of this action.

C. Modification: Either party may seek modification of this Order by the Court at any time for good cause if that party has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order.

VIII. REQUESTS TO SEAL

A. Filing Documents Under Seal: The parties shall comply with the Local Rules when filing material designated as protected information pursuant to this order. Over-redaction of documents sought to be maintained under seal may result in the denial of a motion to seal.

B. Challenging "Confidential" or "Attorneys' Eyes Only" Designations: Prior to the filing of any motion seeking to challenge the designation of information as "Confidential" or "Attorneys' Eyes Only" as set forth in Section IV above, the parties will request a telephonic conference with the Magistrate Judge to discuss the issue, following

105666507_1

which the contesting party may move for an order removing or altering the "Confidential" or "Attorneys' Eyes Only" designation with regard to such document(s).

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

DATED:  October 2, 2018

_____

HON. ROZELLA A. OLIVER
United States Magistrate Judge

4300 Bohannon Drive
Suite 230
Menlo Park, CA 94025

Lewis Roca
ROTHGERBER CHRISTIE

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of _____ **[insert formal name of the case and the**

**number and initials assigned to it by the court]**. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

16